FILED

# UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF VIRGINIA

2009 OCT 19 P 2: 22

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

1:09CV1178 LO/TRJ

| | |
|---|---|
| NICHOLAS IGNACIO | ) |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES OF AMERICA | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW**, the plaintiff, NICHOLAS IGNACIO, by counsel, demanding judgment against the defendant, UNITED STATES OF AMERICA, and for his grounds states as follows.

### COUNT 1 – ASSAULT

1. This action arises under the Federal Tort Claims Act, Sections 2671 through 2680 of title 28 of the United States Code. This court is vested with jurisdiction pursuant to Section 1346(b) of Title 28 of the United States Code.

2. Plaintiff resides in Alexandria, Virginia and the events giving rise to this lawsuit occurred in Arlington County, Virginia, both within the jurisdiction of the Alexandria Division of the United States District Court for the Eastern District of Virginia.

3. Kevin Lane is a federal law enforcement officer employed by defendant, United States of America, as a Pentagon Police officer with the Pentagon Force Protection Agency. The Pentagon Force Protection Agency is an agency of the

1

defendant, United States of America. Kevin Lane is empowered by law to execute searches, to seize evidence, and to make arrests for violations of federal law.

4. At approximately 9 am, on or about December 10, 2008, the plaintiff was working at his post as a contract security officer at the Pentagon Remote Delivery Facility (RDF) in Arlington, Virginia.

5. The post is manned by a security officer and a Pentagon Police officer. They work on the same subject matter at the same time. They work in close proximity; sitting together, interacting for work and conversing.

6. Security officers, including Ignacio, would often train police officers assigned to the post, as the security officers were often more familiar with the procedures at that post.

7. On the day in question, Kevin Lane was on duty, working at said post in his capacity as a Pentagon Police officer.

8. On this date and before, unbeknownst to Ignacio, Lane had a reputation among co-workers, supervisors and his employer for being aggressive, abusive and physically threatening towards others while on the job. He had previously been moved from a shift after threatening a female co-worker at the Pentagon.

9. On this date and before, unbeknownst to Ignacio, Lane was known by some police co-workers at the Pentagon as "Nine Lives Lane" because he had not gotten in serious trouble or fired after various on the job conduct violations. He was also known by many police co-workers as "Crazy Ass Lane."

10. On the day in question, while on duty and at their post, Lane became abusive towards Ignacio after Ignacio said an M-16 is a .22 caliber weapon, a statement Lane disagreed with.

11. Lane began calling Ignacio vulgar names like "fat donut eating security guard" and "dumb motherfucker" in front of Lane's superior.

12. After hearing these words, Ignacio told Lane and Lane's superior that he was done with the conversation. Ignacio politely removed himself from the conversation and continued working.

13. After the superior left, while Lane and Ignacio were on duty, working at their post just a few feet from each other, Lane told Ignacio that he was going to hurt him and finish him off while moving closer to Ignacio, clenching his fists and raising his hands.

14. Ignacio feared that Lane was about to strike and injure him, or worse, and moved to a different location in the RDF to get away.

15. After a few minutes, Ignacio returned to his post to continue work, where Lane was seated working.

16. Ignacio sat down with his back to Lane, and said nothing to Lane. Ignacio was approximately 8 feet from Lane.

17. Lane, who was armed with a gun and other weapons, then told Ignacio, who was unarmed, to get away from him or he was going to immediately punch Ignacio in the face hard in front of everybody.

18. Terrified, Ignacio told Lane it was his post and he had nowhere else to go.

19. Lane came towards Ignacio, saying he was going to hit Ignacio right then, and Ignacio began backing away in fear of being injured by Lane.

20. Lane, clenching his fists near his weapons, and raising his hands near Ignacio's face, backed Ignacio into a corner between a wall and palate machine while telling Ignacio this was no joke, he was going hurt Ignacio bad, hit him in his face right then, and that Ignacio had no idea what Lane could do to him.

21. Ignacio had his hands up to block what he believed was an imminent battery. The two were approximately one foot apart.

22. Lane eventually walked away. Ignacio feared for his life and safety. He walked to a different part of the RDF again to think about what to do and then went to his supervisor nearby and described what happened.

23. In doing the acts alleged in this complaint, Kevin Lane was acting within the scope of his employment with the defendant and was acting on behalf of the defendant, United States of America, in his capacity as a Pentagon Police officer with the Pentagon Force Protection Agency.

24. In doing the acts alleged in this complaint, Kevin Lane intended to put Ignacio in fear of imminent battery and bodily harm and created in Ignacio a reasonable apprehension of imminent battery and bodily harm. As a proximate result of Lane's acts, Ignacio suffered and continues to suffer physically and mentally, suffered and continues to suffer from Post Traumatic Stress Disorder, was subjected to shame, embarrassment, indignity, disgrace, humiliation, degradation, and insult, and was prevented from pursuing his usual activities.

25. Plaintiff's claim of $2,000,000 for damages and injury was received by the United States of America Department of Defense April 30, 2009.

26. On June 25, 2009, the United States of America Department of Defense denied the claim.

**WHEREFORE**, the plaintiff, NICHOLAS IGNACIO, by counsel, demands judgment against Defendant UNITED STATES OF AMERICA for compensatory damages in the amount of $2,000,000 (two million dollars) and such other relief as the court may deem just and proper.

Respectfully Submitted,

Stephen M. Terpak
VSB# 45926
Attorney for Nicholas Ignacio
Terpak and Associates, PLLC
943 S. George Mason Drive, Suite 200
Arlington, VA 22204
Phone: (703) 933 0266
Fax: (703) 933 0625
sterpak@terpaklaw.com