IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NICHOLAS IGNACIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 1:09-cv-1178 |
| ) | |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Before the Court is Defendant's Motion for Summary Judgment (Dkt. No. 23). On July 23, 2010 the Court heard oral argument on the motion at the close of which the Court took the motion under advisement. The Court now issues this opinion granting the motion for summary judgment.

### Background

On December 2, 2009, Pentagon Police Officer Kevin Lane and Nicholas Ignacio, a Pentagon Security Officer employed by a contractor and assigned to the Pentagon, were stationed at the remote storage facility on Pentagon property in Arlington, VA. During the course of a conversation, a disagreement arose as to what caliber round an M-16 assault rifle takes. Plaintiff Nicholas Ignacio believed that the M-16 uses a .22 caliber round, while Officer Lane asserted that it uses a 5.56mm round. The disagreement led to a bet over the correct caliber.

1

On December 15, 2009, Plaintiff and Officer Lane were again stationed at a security checkpoint together where they were tasked with checking security badges of entering Pentagon employees. Plaintiff alleges that at some point the argument about the caliber of the M-16 reignited, and Officer Lane threatened Plaintiff. It is further alleged that Officer Lane then told Plaintiff that he was going to hurt him after work and then approached Plaintiff and pretended that he was going to punch him in the face, stopping his fist just inches from Plaintiff's nose. The incident was reported to Officer Lane's superior and he was issued a 10-day suspension.

Plaintiff timely filed suit in the Eastern District of Virginia, alleging claims for assault and intentional infliction of emotional distress against the United States under the doctrine of *respondeat superior*. The United States filed for summary judgment arguing, in part, that the United States has not waived sovereign immunity under the facts of this case.

Discussion

The issue before the Court is whether the United States waived sovereign immunity under the Federal Tort Claims Act ("FTCA") when a Pentagon Police Office stationed at his position assaulted a Pentagon Security Officer over a disagreement about the caliber of an M-16 assault rifle.

It is well established that the United States, as a sovereign, is immune from suit unless Congress unequivocally consents to permit suit. *United States v. Sherwood*, 312 U.S. 584, 586-88 (1941). Congress' waiver of sovereign immunity must generally be express and cannot be implied. *Lane v. Pena*, 518 U.S. 187, 192 (1996). Exceptions to the waiver of sovereign immunity by Congress are construed broadly, and any ambiguities are resolved against the party seeking recovery from the United States. *Id.* Congress' passage of the FTCA in 1946 "waive[s]

2

the sovereign immunity of the United States for certain torts committed by federal employees." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA grants jurisdiction to the district courts only with respect to a "certain category of claims." *Id.* at 477. The FTCA is the exclusive remedy for common-law torts committed by federal employees acting within the scope of their employment. 28 U.S.C. § 2679(b)(1).

There are several torts which are explicitly exempted from the FTCA's waiver of sovereign immunity. *See* 28 U.S.C. §2680(h). Assault is one such tort. *Id.* Under a proviso in that section, however, there is an 'exception to the exception,' which states:

> [W]ith regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution.

28 U.S.C. § 2680(h).

There is a dispute among the circuits as to the scope of this proviso, specifically whether more than just the showing of an assault by a law enforcement officer is necessary for sovereign immunity to be waived. The Fourth Circuit has not addressed this question. The courts that have addressed the issue can generally be divided up into three categories – those that interpret the proviso narrowly (the Third Circuit), those that interpret it very broadly (district courts in the Second, Fourth, and Tenth circuits), and those that interpret it somewhere between the two (the District Court of the District of Columbia).

The Third Circuit has held that the sovereign immunity waiver under the FTCA should be interpreted very narrowly. Specifically, in *Pooler v. United States*, 787 F.2d 686 (3rd Cir. 1986) the court held that immunity is only waived when an officer of the United States is engaging in at least one of these three expressly delineated activities: executing searches, seizing evidence, or

3

making arrests. *Id.* at 871-72. In support of its position, the court points to a Senate Report which states that the waiver was intended to provide a remedy against the United States when officers conduct no-knock raids or other Fourth Amendment violations. *Id.* at 872 (*citing* S. Rep. No. 588, 93rd Cong. 2d Sess. 2-3 (1974).

On the other side of the spectrum is the broad view adopted by district courts in the Second, Fourth, and Tenth Circuits. In *Harris v. United States*, 677 F. Supp. 403 (W.D.N.C. 1988), the Western District of North Carolina expressly rejected *Pooler*, claiming that the Third Circuit misread the Senate Report and that it instead expresses Congress' intent that Section 2680(h) "apply to any case in which a Federal law enforcement agent committed the tort while acting within the scope of his employment or federal law." *Id.* at 405. Under this view, as long as the officer was acting within the scope of employment, as defined by state law, when the tort was committed, the Government has waived sovereign immunity. In a 2008 opinion, the District of Maryland adopted the *Harris* interpretation, quoting, "it appears that Congress intended to waive the [G]overnment's immunity where 'certain intentional torts were committed by any of its *agents who have the authority to* execute searches, seize evidence, or make arrests.'" *Sheppard v. United States*, 537 F.Supp. 2d 785, 791 (D. Md. 2008). The court therefore found that waiver of sovereign immunity is not restricted just to those torts occurring during the course of a search, seizure or arrest. *Id.*

A view in between the narrow interpretation and the broad interpretation has been adopted by the District of Columbia District Court.[1] In *Murphy v. United States*, 121 F. Supp. 2d

---

[1] The Ninth Circuit appears to have also adopted this more middle view. In *Orsay v. U.S. Dept. of Justice*, 289 F.3d 1125 (9th Cir. 2002), the court held that Section 2680(h) "does not unequivocally waive the [F]ederal [G]overnment's sovereign immunity for all FTCA claims alleging that investigative or law enforcement officers committed one of the specified, intentional torts while acting within the scope of employment." *Id.* at 1135-36. Instead, they found that the waiver "reaches only those claims asserting that the tort occurred in the course of investigative or law enforcement activities." *Id.* at 1136.

21 (D.D.C. 2000), the District Court for the District of Columbia stated that it found neither the restrictive view of *Pooler* nor the expansive view of *Ortiz* and *Harris* fully satisfying. The court found that the *Pooler* interpretation was at odds with the broad language of the statute, and that the *Ortiz* and *Harris* decisions allowed the immunity to cover situations that have nothing to do with the unlawful exercise of police power. *See id.* at 24. The court instead agreed with the interpretation outlined in a Northern District of Illinois case which held that the act alleged "must at a minimum charge the [G]overnment with wrongdoing based on 'acts or omissions of investigative law enforcement officers' while they are engaged in investigative or law enforcement activities." *Id.* at 25 (quoting *Emp'rs Ins. of Wausau v. United States*, 815 F. Supp. 255 (N.D. Ill. 1993)). This view rejects *Pooler*'s narrow view, while still incorporating a limiting test that reflects Congress' intent to waive immunity when officers are acting in their capacity as investigative or law enforcement officials.

This Court agrees with the District of Columbia District Court's analysis in *Murphy*. The ruling in *Pooler* reads additional limitations into the statute which are clearly not present. At the same time, adopting the *Ortiz* and *Harris* position would lead to the incongruous situation where the Government would not be liable when a non-law-enforcement officer assaults a co-worker over a personal dispute, but would be liable if it was a law-enforcement officer committing the same offense. The Court does not believe that this was the intent of Congress. The one statement in the legislative history which Plaintiff points to as exhibiting Congress' intent to waive immunity whenever the officer was acting within the scope of employment is clearly non-binding and is not sufficient to convince the Court to adopt this overly broad interpretation.

Applying the rule of the court in *Murphy* to the facts of the instant case, Plaintiff Ignacio's claim must be dismissed. The alleged assault did not arise while Kevin Lane was

5

"engaged in investigative or law enforcement activities." Instead, the alleged assault arose over a personal dispute and a bet between Lane and Ignacio. A workplace dispute, even if it occurs while both parties are on duty, does not fall within the law enforcement proviso of the FTCA. *Id.* (citing *United States v. Shearer*, 473 U.S. 52, 55 (1985) (intentional tort exception shields government from liability where "some agent of the Government gets in a fight with some fellow . . . and socks him." (dicta))).

Conclusion

For the foregoing reasons, the Court finds that the United States has not waived sovereign immunity, and thus the Defendant is entitled to summary judgment under Fed. R. Civ. P. 56(c).

Alexandria, Virginia
August 13, 2010

/s/
Liam O'Grady
United States District Judge